# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-139-RJC-DCK

| | |
|---|---|
| KELLY THOMAS, | |
| Plaintiff, | |
| v. | MEMORANDUM AND RECOMMENDATION AND ORDER |
| HELMS ROBISON & LEE, P.A., | |
| Defendant. | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Helms Robison & Lee, P.A.' Motion To Dismiss" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Kelly Thomas ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1) on March 17, 2016. The Complaint alleges that Plaintiff was employed as a receptionist at Helms Robison & Lee, P.A. ("Defendant") beginning on March 2, 2015. (Document No. 1). Plaintiff contends that she suffered discriminatory treatment on the basis of her race (African-American), and that she was terminated on April 17, 2015, in retaliation for complaining about such treatment. Id.

Plaintiff specifically alleges that she was subjected to "severe, offensive and ongoing comments about her race," from the first day of her employment. (Document No. 1, p.2). Plaintiff states that Defendant's human resources manager asked her "where did you come from and how

did you get here," and that a paralegal said "[s]he's a black lady, and doesn't know what she's doing." Id. Plaintiff also contends that she was instructed to refer to Defendant's Caucasian male employees as "Mister," although non-African American employees were not subject to this rule. Id.

Plaintiff's allegations also refer to "Defendant's contractor James, (last name unknown)" who told Plaintiff she "must be one of the good ones," referring to her race, and then later said that he was not racist, but "I don't like colored smurfs." Id. Plaintiff further alleges that "James" was instructed by Defendant's management to "watch" her and that he told her on "several occasions, 'I'm watching you.'" (Document No. 1, p.3).

Plaintiff's allegations contend that she "complained about the continuing racially derogatory comments" to partners Helms and Lee on March 27, 2015, but that they apparently took no action in response. Id. Finally, Plaintiff contends that after an approved two-day absence to care for her sick child, she was immediately terminated on April 17, 2015, despite never receiving "written reprimands or warnings of any kind." (Document No. 1, pp.2,4).

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 27 2015, based on discrimination due to her race and retaliation. Id. Plaintiff received a "Notice Of Right To Sue" on December 18, 2015. Id.

The Complaint filed with this Court on March 17, 2016, asserts claims for: (1) hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), *et seq.* ("Title VII"); and (2) retaliation under Title VII. (Document No. 1, pp.4-6). Also on March 17, 2016, Plaintiff filed an "Application To Proceed In District Court Without Prepaying Fees Or Costs" (Document No. 2). The Honorable Robert J. Conrad, Jr., presiding district judge, granted Plaintiff's motion to proceed *in forma pauperis* on May 26, 2016. (Document No. 3).

"Defendant Helms Robison & Lee, P.A.' Motion To Dismiss" (Document No. 6) and "Brief In Support…" (Document No. 7) were filed on August 1, 2016.  Defendant seeks dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  (Document Nos. 6 and 7).  The Court issued a "Roseboro Order" (Document No. 8) on August 2, 2016, advising *pro se* Plaintiff of her right to respond to the motion to dismiss.

Plaintiff filed a "Response In Opposition…" (Document No. 11) on September 6, 2016, but appears to have inadvertently omitted an intended "Memorandum in Opposition."  See (Document No. 11, p.2).  On November 10, 2016, the undersigned *sua sponte* allowed Plaintiff additional time to file a memorandum in response to the motion to dismiss.  (Document No. 12). Plaintiff's "Memorandum In Opposition …." (Document No. 13) was then filed on November 18, 2016;  and Defendant's "Reply Brief In Support…" was filed December 1, 2016.

As such, this matter is now ripe for review and a recommendation to Judge Conrad.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

The courts traditionally hold pleadings by *pro se* parties "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Fourth Circuit also recognizes that "we must construe *pro se* complaints liberally." Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) (citing Hemphill v. Melton, 551 F.2d 589, 590-91 (4th Cir. 1977)). Therefore, the undersigned will interpret Plaintiff's papers "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994).

### III. DISCUSSION

**A. Hostile Work Environment**

Defendant first argues that Plaintiff's hostile work environment claim should be dismissed because Plaintiff has not alleged severe or pervasive harassment, or harassment by someone in a

4

supervisory role. (Document No. 7, p.4) Defendant notes that Plaintiff must show that the complained conduct was: "(1) unwelcome; (2) based on the plaintiff's race; (3) sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) is imputable to the employer." (Document No. 7, p.5) (citing Okoli v. City of Balt., 648 F.3d 216, 220 (4th Cir. 2011)).

The crux of Defendant's argument in support of dismissing the hostile work environment claim is that Plaintiff's claims are too "vague and conclusory" to rise to the level of unlawful conduct. (Document No. 7, pp.7-8). Moreover, Defendant argues that Plaintiff has not adequately shown that the purported harassment is imputable to the employer – "Plaintiff has not alleged that any of the offending employees, or contractors, of Helms Robison were supervisory employees." (Document No. 7, p.8).

Plaintiff's "Memorandum In Opposition…" primarily re-asserts the allegations in the Complaint. (Document No. 13). Plaintiff contends that the Complaint "specifically alleges that she experienced numerous and ongoing racially derogatory comments from Defendant's employees" and "that she complained about these comments to management." (Document No. 13, p.6).

The undersigned observes that the Complaint and Plaintiff's brief in opposition both also allege that a contractor employed by Defendant named "James" was instructed by Defendant's management to "watch" Plaintiff, and that he advised her "on several occasions" that he was indeed watching her. (Document No. 1, p.3; Document No. 13, p.2). This allegation, combined with Plaintiff's other descriptions of her work environment, indicates factual support that the alleged discrimination was pervasive and imputable to the employer. Plaintiff essentially alleges that management directed "James" to supervise her, even though he is identified as a "contractor."

5

Applying the standard of review set forth above, and construing Plaintiff's Complaint liberally and in the most favorable light, the undersigned will recommend that Defendant's motion be denied as to the hostile work environment claim. It may be a close call, but it seems Plaintiff's allegations are sufficient to survive at this stage, and that discovery on this issue is appropriate.

**B. Retaliation**

Next, Defendant argues that Plaintiff's retaliation claim should be dismissed because she has not sufficiently alleged: (1) an objective belief that she engaged in a protective activity; or (2) a causal connection between her termination and the protected activity. (Document No. 7, pp.9-12).[1] Defendant contends that Plaintiff has not alleged any *direct* evidence that its termination of Plaintiff was motivated by race. (Document No. 7, p.9). Therefore, Defendant asserts that "to establish a *prima facie* claim for retaliation in violation of Title VII, a plaintiff must prove: (1) that she engaged in a protected activity; (2) that her employer took an adverse action against her; and (3) that there was a causal link between these two events. Id. (citing EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005)).

   **1. Protected Activity**

Defendant first asserts that Plaintiff failed to allege that she engaged in a protected activity, the first element of a retaliation claim. (Document No. 7, p.10) (citing EEOC v. Navy Fed. Credit Union, 424 F.3d at 405-06). Defendant ultimately concludes that because "Plaintiff's allegations of discriminatory conduct are vague, ambiguous and in some cases were not even directed at

---

[1] The undersigned observes that both Plaintiff and Defendant refer to paragraphs in the Complaint that are not currently available on the Court's docket. Compare (Document No. 1, pp.5-6 with Document No. 7, pp.4, 7 and Document No. 13, p.7). The undersigned has reviewed a hard copy of the missing page from Plaintiff's original filing that appears to be consistent with the parties' references in their briefs. However, the undersigned will direct Plaintiff to file an "Amended Complaint," including *all* pages and exhibits, as well as Plaintiff's "Dismissal Notice Of Right To Sue."

Plaintiff," her "reports of these statements to Helms Robison's partners cannot reasonably be believed to be protected activity." Id.

The undersigned notes that the EEOC v. Navy Fed. Credit Union decision relied on by Defendant provides the following instructive explanation of protected activity:

> in the context of a retaliation claim, a "protected activity" may fall into two categories, opposition and participation. Only one of these categories—opposition—is relevant here. See Laughlin, 149 F.3d at 259 (citing 42 U.S.C. § 2000e–3(a)). As we have recognized, protected oppositional activities may include "staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities," id., as well as "complain[ts] ... about suspected violations," Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 543–44 (4th Cir. 2003).

EEOC v. Navy Fed. Credit Union, 424 F.3d at 406.

In this case, the Complaint in most pertinent part states:

> Thomas complained about continuing racially derogatory comments she had been subjected to throughout her employment to Helms and Lee on or about March 27, 2015. Upon information and belief, Helms and Lee took no action to investigate or remedy the harassment. Helms only response was to tell Thomas she needed to "get a thick skin."

(Document No. 1, ¶ 15).

Applying Defendant's caselaw, the undersigned is persuaded that Plaintiff has sufficiently alleged that she participated in a protected activity. At a minimum, the Complaint adequately alleges that Plaintiff voiced her opinion "to bring attention to her employer's discriminatory activities," and/or "about suspected violations." See EEOC v. Navy Fed. Credit Union, 424 F.3d at 406.

  2. **Causal Connection**

Defendant also argues that Plaintiff's Complaint does not provide a sufficient causal link between her complaint of discrimination and her termination. (Document No. 7, p.10). Defendant

acknowledges that Plaintiff has alleged "a causal connection existed between the discharge and the complaint," but argues that "[s]uch conclusory allegation cannot support Plaintiff's claim." (Document No. 7, pp.10-11) (citing Document No. 1 at ¶ 33).

Defendant further acknowledges that "[a]lthough a short interval between a plaintiff's protected activity and an adverse employment action may occasionally raise an inference of causation, …in general, more than a temporal connection is required." (Document No. 7, p.11) (quoting Freeman v. Ace Tel. Ass'n, 467 F.3d 695, 697-98 (8th Cir. 2005). Defendant concludes that allegations of intervening events – including Plaintiff's two-day absence to care for her sick child – are sufficient to break the causal connection between her termination and the report of purported discrimination. Id.

The undersigned respectfully disagrees, and finds that the Complaint provides adequate factual content to draw a reasonable inference that Defendant is liable for retaliation. Contrary to Defendant's argument, the undersigned is persuaded that there *is* sufficient temporal proximity between Plaintiff's protected activity (her report to the partners) and Defendant's adverse action (Plaintiff's termination) to plausibly support a causal link.

Moreover, liberally construing *pro se* Plaintiff's Complaint, there is enough factual content, and notice to Defendant, to allow this claim to also proceed to discovery. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56). Plaintiff does not have to *prove* her claim(s) at this stage; rather, she must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id.

Of course, the undersigned express no opinion as to whether Plaintiff's claims are likely to withstand a future dispositive motion after the facts, arguments, and authority related to these claims have been further developed.

8

## IV. RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Helms Robison & Lee, P.A.' Motion To Dismiss" (Document No. 6) be **DENIED**.

**IT IS ORDERED** that Plaintiff file an "Amended Complaint" on or before **December 19, 2016**, as directed herein.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: December 7, 2016

David C. Keesler
United States Magistrate Judge